RAWLS, Acting Chief Judge.
Appellant’s sole point on appeal is that the trial court erred in summarily denying his motion to withdraw his guilty plea and then adjudging him to be guilty without making inquiry into and determining whether appellant was insane at the time he entered his plea.
On November 10, 1975, appellant, accompanied by his counsel, an assistant public defender, entered a plea of guilty to robbery as charged in the information filed against him. Eleven days later, the trial court, after reciting that it had been suggested that appellant might show his mental incompetency as legal cause why sentence should not be imposed, appointed two qualified medical experts to examine him. A hearing was held on February 10, 1976, for the purpose of sentencing, and at this time the trial court found that both psychiatrists had examined appellant and found him to be incompetent “at this time” for sentencing. The trial court then, in committing appellant to the State Hospital, stated: “. . . where if he becomes competent he’s still within the jurisdiction of this court and he will be brought back, treated accordingly.” At the sentencing hearing, the assistant public defender stated that he didn’t realize the depth of appellant’s psychiatric problem until he had received the medical report and had talked to appellant’s father from New York. The assistant public defender stated that he had talked to appellant and could get answers to his questions, but at the same time, he felt that appellant was probably competent. However, according to the medical report, the psychiatrists felt that appellant’s “condition being an ongoing one he was probably in the same condition before he entered a plea as he was after the plea.” The assistant public defender then stated: “It’s —based on this information, I’ll ask the Court to allow me to withdraw the plea that the Defendant has entered of guilty so *1138 that he might be eligible to go to the State Hospital as being incompetent to stand trial, which I think he clearly is.” The trial court denied the motion to withdraw the plea and proceeded to adjudge appellant guilty of robbery. Under the circumstances, the trial court erred in denying the motion to withdraw the guilty plea. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969); McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); and Williams v. State, 316 So.2d 267 (Fla.1975).
REVERSED.
MILLS and SMITH, JJ., concur.