370 So.2d 1231 (1979)
George KADAR, Appellant,
v.
STATE of Florida, Appellee.
No. 78-940.
District Court of Appeal of Florida, Fourth District.
May 16, 1979.
*1232 Maurice Graham of Brimmell & Graham, Fort Lauderdale, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and John D. Cecilian, Asst. Atty. Gen., West Palm Beach, for appellee.
SIMONS, STUART M., Associate Judge.
Appellant appeals from a judgment and sentence entered upon a purported plea negotiation. Thereafter, the appellant sought to withdraw his plea by way of letter addressed to the Court, and later filed a formal motion on the basis that the plea and proceedings were not understood and that the plea of guilty was not knowingly and intelligently entered. Although the record does not reveal a formal order of the court denying the motion for change of plea, it is clear that the trial judge and all parties gained the impression that the court had previously denied the motion; and the record does not reflect an evidentiary hearing on the issues raised in the aforesaid letter, written three days after the plea, nor on the formally filed motion, which was filed some time later. At the time of sentencing, upon the previously entered plea of guilty, the court, without an evidentiary hearing and without a hearing on the motions, entered sentence.
The letter and motion to set aside the plea of guilty raises upon its face serious questions as to whether the appellant, who it is acknowledged throughout the proceedings had difficulty with the English language and who spoke Hungarian, actually understood the full significance of the plea. An interpreter was used throughout the proceedings to interpret the proceedings to the defendant and defendant alleges that only upon his return to the jail did he fully understand the nature of what had occurred. Defendant claims the interpreter did not properly interpret the proceedings. This is buttressed by the interpreter's own statement in the record, "I am going to learn Hungarian."
Further, the record indicates that the colloquy was held largely between the interpreter and the court, as evidenced by the following:
THE COURT: Also inform him by changing his plea of not guilty to guilty, that he is admitting everything as stated in the Information here by the State. By changing of not guilty to guilty, that the guilty plea admits the allegations set forth in the Information.
What did Mr. Kadar say?
MRS. MALLACH: He said he understands. He will do everything he can do.
THE COURT: He does allege, admit the allegations set forth in here?
MRS. MALLACH: Yes, he admits. He will do everything he has to do.
THE COURT: Do you also understand, Mr. Kadar, you have a right under the Constitution of the United States whereby you could have six members of the community who would sit as jurors in which event they would determine the truth of the facts which a plea of guilty admits and the State would then have the burden of proving it beyond and to the exclusion of every reasonable doubt, the truth of such facts? Do you understand what I have said?

*1233 DEFENDANT: Some of it I understand.
In another portion of the transcript, the following took place:
THE COURT: Has your attorney given you the benefit of his advice to whatever defenses you might have available if you would have gone to trial?
Do you understand? If not, go ahead. I want to find out if Mr. Kundinger has given Mr. Kadar the benefit of his advice as to the defenses which would have been available to Mr. Kadar if he would have gone to trial.
MRS. MALLACH: He says he knows. He didn't sign anything. He did understand.
THE COURT: He does understand?
MRS. MALLACH: Yes.
THE COURT: Also, has Mr. Kundinger, your attorney, done everything that you could reasonably expect him to do under the circumstances of this particular offense?
MRS. MALLACH: He said when I asked if he trusted him and does he know anything about him.
He has never met him before, but he thinks that he is doing everything. But said something about the ten years. He feels like it is too much.
THE COURT: So, that is under negotiations part. The thing I want to know is he satisfied with the representations of Mr. Kundinger. As far as the ten years, this is a recommendation, and that decision will be up to the court.
MRS. MALLACH: He says he is satisfied with him.
MR. GORDON: It's a recommendation of ten years.
MR. KUNDINGER: I have explained to George what had to be done this morning. I have explained to him about the open plea and the cap.
I am sure that he understands. I talked to him a number of times concerning it.
Fla.R.Crim.P. 3.170(j) requires that the court shall not accept a plea without determining in a reported hearing that the plea was fully understood by the defendant. Thus the court should have conducted an evidentiary hearing concerning the interpreter's ability to interpret to the appellant and whether the appellant freely and voluntarily changed his plea. The court should enter its written order concerning same, together with the appropriate findings of fact. State v. Lyles, 316 So.2d 277 (Fla. 1975). See also Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Here, the record does not show that a true evidentiary hearing was ever held on the motion to withdraw. In this respect the court was in error.
The judgment is reversed and the matter remanded for further proceedings consistent with this opinion. The trial court should hear the defendant's motion to withdraw his plea and should also give due consideration to defendant's claim that this initial plea was the result of ineffective assistance of counsel.
REVERSED AND REMANDED.
ANSTEAD and BERANEK, JJ., concur.