404 So.2d 403 (1981)
Donald Dale ONNESTAD, Appellant,
v.
STATE of Florida, Appellee.
No. 81-71.
District Court of Appeal of Florida, Fifth District.
October 7, 1981.
*404 James B. Gibson, Public Defender, and Julianne Piggotte McLarty, Asst. Public Defender, Daytona Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, for appellee.
FRANK D. UPCHURCH, Jr., Judge.
Appellant was adjudicated guilty of committing a lewd act in the presence of a child under fourteen years of age. He appeals from the judgment and sentence.
Pursuant to negotiations, appellant entered a plea of guilty. During the hearing, he acknowledged that his plea was being made freely and voluntarily and that he fully understood the terms of the plea agreement. The court then asked questions and appellant responded as follows:
Q. Are you now taking or under the influence of any drugs, narcotics, medication or alcohol?
A. Yes sir.
Q. What medication?
A. Since January, since I was arrested I have been in the hospital three times on a possible cardiac arrest. I had suffered three cardiac arrests before in prison at Wisconsin State Penitentiary Prison during the years of seventy-seven, seventy-eight and seventy-nine and up to last Friday I had another possible one, but I can't get no reaction out of the Sheriff's Department to take me over to the hospital.
Q. And are you taking a drug...
A... . I am taking drugs now, yes.
Q. Allright. Is it to thin your blood?
A. Well, I am taking breathing pills, a heart pill and I don't know what the other one is.
Q. Do you feel...
A... . I was taking eleven at one time.
Q. Do you feel it impares [sic] your thinking in any way?
A. It does, yes sir.
Q. Do you understand what you are doing today?
A. Yes.
Q. Do you understand where you are today?
A. In a courtroom, yes sir.
Q. And where, in what state are you?
A. Florida.
Q. And in what county are you?
A. Citrus.
Q. And do you know what Judge is, you are appearing before?
A. Yes sir.
Q. And what is my name?
A. Judge Edwards.
Q. And do you under stand that you are offering to plead guilty to the charge of leud [sic] and lascivious act?
A. Yes sir.
The day before sentencing, appellant moved to withdraw his guilty plea on the ground that the plea was not knowingly and intelligently entered. In the motion, appellant requested an evidentiary hearing. *405 Appellant's motion for a continuance of sentencing to enable him to present evidence in support of the motion to withdraw the plea was denied because the court held that an evidentiary hearing is not required by any rule. Appellant's motion to withdraw the plea was then denied on the ground that the trial court had determined at the time of the plea acceptance that the plea was knowingly and intelligently entered.
On appeal, appellant argues that impairment of thought processes due to the use of drugs may vitiate the knowing and intelligent aspect of a plea and render the plea involuntary. See Dixon v. State, 252 So.2d 594 (Fla. 3d DCA 1971). In addition, appellant submits that a motion to withdraw a guilty plea prior to imposition of sentence should be liberally construed in his favor. Adler v. State, 382 So.2d 1298 (Fla. 3d DCA 1980).
As an initial proposition, withdrawal of a guilty plea is not a matter of right but of discretion and the trial court's decision will not be set aside absent a showing of abuse. Adler v. State. The defendant must establish good cause for withdrawal prior to imposition of sentence. Id. See Fla.R.Crim.P. 3.170(f). In State v. Braverman, 348 So.2d 1183 (Fla. 3d DCA 1977), cert. denied, 358 So.2d 128 (1978), the court noted that the defendant has the burden of demonstrating that his previously tendered guilty plea was infected by misapprehension, undue persuasion, ignorance, or was entered by one not competent to know its consequence or that it was otherwise involuntary, or that the ends of justice would be served by withdrawal of such plea.
Appellant's motion to withdraw merely alleged that "defendant did not knowingly and intelligently enter said plea of guilty." No specifics were provided. Such an allegation, unsupported by any proof, can never constitute a basis for the withdrawal of a guilty plea. State v. Braverman. Cf. Nuzzo v. State, 269 So.2d 379 (Fla. 2d DCA 1972) (since appellant proffered testimony to corroborate allegations in his motion to withdraw guilty plea, trial court's denial of proffer and summary denial of motion constituted reversible error).
Appellant cites Kadar v. State, 370 So.2d 1231 (Fla. 4th DCA 1979) and Alleluio v. State, 338 So.2d 1137 (Fla. 1st DCA 1976), as indicating an evidentiary hearing was necessary. In Kadar, however, the motion alleged on its face serious questions as to whether the defendant, who spoke Hungarian, understood English and the significance of his plea. The appellate court held that the trial court erred in not holding an evidentiary hearing to determine whether the plea was fully understood.
In Alleluio, specific allegations that defendant was insane at the time he entered his plea were presented to the trial court. In addition, the question of the defendant's sanity was not raised at the plea hearing and only arose thereafter. The case before us can be distinguished because the court was aware of the defendant's use of medication at the plea hearing and questioned defendant to determine its effect, if any, upon him.
Here, the summary denial without an evidentiary hearing does not appear to be an abuse of discretion. The plea colloquy indicates that when the court was alerted to the possible effects of the medication on appellant, additional questions were posed to satisfy the court that the plea was given freely and voluntarily. The motion contained no specific allegations and no testimony was proffered to reflect how appellant's competency would have been more fully explored thorough an evidentiary hearing. See generally Facion v. State, 258 So.2d 28 (Fla. 2d DCA 1972).
AFFIRMED.
DAUKSCH, C.J., and SHARP, J., concur.