408 So.2d 686 (1982)
Howard D. BAKER, Appellant,
v.
STATE of Florida, Appellee.
No. 81-56.
District Court of Appeal of Florida, Second District.
January 6, 1982.
*687 B. Robert Ohle, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and C. Michael Barnette, Asst. Atty. Gen., Daytona Beach, and Deborah A. Osmond, Asst. Atty. Gen., Tampa, for appellee.
SCHOONOVER, Judge.
The sole issue on this appeal is whether the trial court erred in summarily denying the appellant's motion to withdraw his guilty plea without conducting an evidentiary hearing to determine if he was competent at the time he entered the plea. We agree with the appellant's contention that he should have been allowed a hearing to determine if good cause for withdrawal of the plea existed under Florida Rule of Criminal Procedure 3.170(f).
A defendant who deliberately pleads guilty to a criminal charge should not be allowed to withdraw his plea merely because he changes his mind. However, he should be permitted to do so if he files a proper motion and proves that the plea was entered under mental weakness, mistake, surprise, misapprehension, fear, promise, or other circumstances affecting his rights. Pope v. State, 56 Fla. 81, 47 So. 487 (1908).
The withdrawal of a guilty plea should not be denied in any case where it is evident that the ends of justice will best be served by permitting it. Jordan v. State, 107 So.2d 56 (Fla. 2d DCA 1958).
On July 30, 1980, the appellant pled guilty to attempted sexual battery, and a presentence investigation was ordered.
On September 29, 1980, the appellant filed a motion to withdraw his plea. The motion alleged that evidence obtained subsequent to the entry of the plea, together with his physical condition prior to, during, and after the plea, indicated that he was not competent at the time the plea was entered. The motion also alleged that appellant did not realize he had tendered a plea of guilty until after he had done so, and he believed that he was innocent and desired to stand trial. He was subsequently examined and on October 29, 1980, filed medical reports based upon that examination. One of the reports indicated that the appellant was psychotic, demented, and not competent. The report did not state if the condition existed at the time of the plea.
The motion was summarily denied, and he was sentenced to five years imprisonment on December 18, 1980.
The appellee contends that the motion in this case was not sufficient because it did not set forth reasons to show that good cause existed to believe the guilty plea was not properly entered. However, there were sufficient indications of incompetency presented to the court in the motion and medical reports that an evidentiary hearing *688 should have been held to determine if the plea was voluntarily entered into by one competent to know the consequences of his plea. Alleluio v. State, 338 So.2d 1137 (Fla. 1st DCA 1976).
We reverse and remand for further proceedings consistent herewith.
SCHEB, C.J., and HOBSON, J., concur.