480 So.2d 207 (1985)
Randall Scott BLACKSHEAR, Appellant,
v.
STATE of Florida, Appellee.
No. BD-393.
District Court of Appeal of Florida, First District.
December 23, 1985.
*208 Michael E. Allen, Public Defender and Larry G. Bryant, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen. and Barbara Ann Butler, Asst. Public Defender, Jacksonville, for appellee.
JOANOS, Judge.
Randall Scott Blackshear appeals from a 65-year sentence imposed pursuant to his plea of guilty to charges of armed sexual battery and armed kidnapping. Blackshear contends the trial court erred in: (1) denying his motion to withdraw the guilty plea, and (2) sentencing him to a 65-year term of imprisonment. We affirm on point one, and reverse and remand for resentencing on point two.
By amended information Blackshear was charged in two counts with sexual battery and armed kidnapping. On March 8, 1984, following the trial court's denial of a motion to suppress a photospread identification, Blackshear withdrew his previously entered plea of not guilty and pled guilty to both counts charged in the information.
On March 19, 1984, defense counsel requested appointment of an expert to assist in the preparation of the defense at sentencing. As support for the request, at proceedings held on April 9, 1984, defense counsel presented a psychiatric evaluation which had been prepared on Blackshear in 1978 when he was a juvenile. Counsel then requested the trial court to arrange for another psychiatric evaluation of Blackshear prior to sentencing. Pursuant to this request, Blackshear was re-evaluated by two court-appointed psychiatrists. The examining psychiatrists considered that Blackshear had probably been sane at the time of commission of the crimes charged, but they preferred to reserve a definitive opinion on the sanity issue until they had an opportunity to examine the records relating to Blackshear's stay at the county jail, and then to re-examine Blackshear. Both psychiatrists felt, however, that Blackshear was incompetent at that point to participate in the sentencing proceedings.
At proceedings held on May 3, 1984, the state stipulated that Blackshear was incompetent to undergo sentencing. The examining psychiatrist stated that he was unable then to render an opinion as to Blackshear's competency at the time of the plea, or his sanity at the time of the offense. The trial court entered an order committing Blackshear to the custody of the Department of Health and Rehabilitative Services (HRS), pursuant to Section 916.13, Florida Statutes (1983), and Florida Rule of Criminal Procedure 3.740.
In letter dated August 15, 1984, the Forensic Administrator of HRS enclosed the HRS competency evaluation report, and advised the court that Blackshear was considered competent to stand trial. At proceedings on September 14, 1984, the trial court heard arguments on the defense motion to withdraw plea. In an order dated October 3, 1984, the trial court again appointed two psychiatrists to examine Blackshear to determine, among other things, whether Blackshear was sane at the time of the commission of the crime and whether he was sane at the time he entered the guilty plea. In a report dated October 16, 1984, the examining psychiatrists concluded that 
With regard to the Court's specific questions it is our opinion this patient merits adjudication of competence for trial and no longer meets the criteria for involuntary hospitalization under Florida Statute 394.467. We are further of the opinion at the time of the alleged crime the patient was sane and at the time of entering a plea on March 8, 1984, he was sane.
At proceedings held on November 19, 1984, Dr. Miller, one of the examining psychiatrists, testified that Blackshear has a mild perceptual motor impairment, a behavioral disorder, diffuse brain damage, and that intellectually he falls within the mildly retarded range. In response to the trial court's question concerning the effect a *209 period of incarceration would have on Blackshear, Dr. Miller said that Blackshear might experience "periodic decompensations to the point where some intervention would be necessary." However, Dr. Miller considered that such periods could be dealt with by medication or infirmary care within the penal institution rather than by transfer to a mental hospital.
After considering the psychiatric evaluations and the testimony of Dr. Miller, the trial court denied the motion to withdraw plea, entered an order adjudging Blackshear mentally competent, and sentenced him to a term of 65 years on both counts, with the sentence on count two running concurrently with the sentence on count one.
Florida Rule of Criminal Procedure 3.170(f) provides that "[t]he court may, in its discretion, and shall upon good cause, at any time before a sentence, permit a plea of guilty to be withdrawn ..." One of the grounds which would constitute "good cause" to permit withdrawal of a guilty plea is proof that the plea was entered under "mental weakness." See: Yesnes v. State, 440 So.2d 628, 634 (Fla. 1st DCA 1983); Baker v. State, 408 So.2d 686, 687 (Fla. 2d DCA 1982). However, the burden is on the appellant under either standard, i.e., good cause or abuse of discretion, to prove that a trial court's denial of a motion to withdraw a guilty plea constitutes reversible error. Yesnes v. State, supra; Sutton v. State, 202 So.2d 589 (Fla. 1st DCA 1967); Onnestad v. State, 404 So.2d 403 (Fla. 5th DCA 1981).
In this case, it was the province of the trial court to weigh the evidence before him including his observations of the defendant together with the opinion of the examining psychiatrists that Blackshear was sane at the time of commission of the crime and competent at the time of entry of the plea. We find that the evidence before the trial court did not require a finding that good cause existed for the withdrawal of the plea. Given these circumstances, we find that Blackshear has not shown an abuse of discretion in the denial of the motion to withdraw the plea, and we affirm with regard to point one.
With regard to the second point presented for review, i.e., the two concurrent 65-year sentences, Blackshear contends and the state agrees that the sentences are improper because they are not within the parameters provided by statute. Blackshear pled guilty to a violation of Section 794.011(3), Florida Statutes,[1] and Section 787.01, Florida Statutes.[2] Both crimes are categorized as life felonies, punishable as provided in Section 775.082(3)(a), Florida Statutes, which states in part that a person convicted of a life felony "committed on or after October 1, 1983, [may be punished] by a term of imprisonment for life or by a term of imprisonment not exceeding 40 years," (emphasis supplied). We find, therefore, that the trial court has imposed an illegal sentence, and we reverse *210 and remand the concurrent 65-year sentences for imposition of a sentence that comports with the law.
Affirmed in part, reversed in part and remanded for proceedings consistent with this opinion.
ERVIN and BARFIELD, JJ., concur.
NOTES
[1] § 794.011(3), Fla. Stat. (1983), provides:

(3) A person who commits sexual battery upon a person over the age of 11 years, without that person's consent, and in the process thereof uses or threatens to use a deadly weapon or uses actual physical force likely to cause serious personal injury shall be guilty of a life felony, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
[2] § 787.01, Florida Stat. (1983), provides:

787.01 Kidnapping. 
(1)(a) "Kidnapping" means forcibly, secretly, or by threat confining, abducting, or imprisoning another person against his will and without lawful authority, with intent to:
1. Hold for ransom or reward or as a shield or hostage.
2. Commit or facilitate commission of any felony.
3. Inflict bodily harm upon or to terrorize the victim or another person.
4. Interfere with the performance of any governmental or political function.
(b) Confinement of a child under the age of 13 is against his will within the meaning of subsection.
(1) if such confinement is without the consent of his parent or legal guardian.
(2) Whoever kidnaps a person is guilty of a felony of the first degree, punishable by imprisonment for a term of years not exceeding life or as provided in s. 775.082, s. 775.083, or s. 775.084