513 So.2d 174 (1987)
Randall Scott BLACKSHEAR, Appellant,
v.
STATE of Florida, Appellee.
No. BO-202.
District Court of Appeal of Florida, First District.
September 3, 1987.
Rehearing Denied October 22, 1987.
*175 Michael E. Allen, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., Patricia Conners, Asst. Atty. Gen., Tallahassee, for appellee.
NIMMONS, Judge.
Blackshear appeals from the trial court's imposition of two concurrent life sentences. We reverse and remand for resentencing.
Appellant was originally sentenced to serve two concurrent 65-year sentences pursuant to his plea of guilty to charges of armed sexual battery and armed kidnapping under Sections 794.011(3) and 787.01(2), Florida Statutes, respectively. Appellant appealed his sentences to this Court in Blackshear v. State, 480 So.2d 207 (Fla. 1st DCA 1985). This Court reversed and remanded for resentencing, stating:
With regard to the second point presented for review, i.e., the two concurrent 65-year sentences, Blackshear contends and the state agrees that the sentences are improper because they are not within the parameters provided by statute. Blackshear pled guilty to a violation of Section 794.011(3), Florida Statutes, [footnote omitted] and Section 787.01, Florida Statutes. [footnote omitted] Both crimes are categorized as life felonies, punishable as provided in Section 775.082(3)(a), Florida Statutes, which states in part that a person convicted of a life felony "committed on or after October 1, 1983, [may be punished] by a term of imprisonment for life or by a term of imprisonment not exceeding 40 years," (emphasis supplied). We find, therefore, that the trial court has imposed an illegal sentence, and we reverse and remand the concurrent 65-year sentences for imposition of a sentence that comports with the law.
Id. at 209-10.[1]
On July 8, 1986, appellant was resentenced. The sentence range which was provided for in the sentencing guideline scoresheet was 12 to 17 years. The court imposed two concurrent life sentences with credit for time served. The trial court gave the following reasons for departure:
The Defendant has a history of violence in his home. His sister and grandmother testified that he has been violent and fought members of his family most of his life.
The Defendant turned 18 years old in August 1982. From that time and before December 6, 1983 when he was arrested for the instant offenses, the Defendant had been arrested more than eight times. While these arrests were for misdemeanor offenses, the arrests revealed a violent nature in the community. Many of the arrests were for battery and for making threats. There were also arrests for disorderly intoxication and trespassing after warning.
The violent nature of the Defendant as revealed in his home life and in his short adult life was further evidenced in the manner in which he committed the offense of Sexual Battery and Armed Kidnapping. The Defendant was not content to force himself upon the victim sexually or to kidnap her by threatening to use a box cutter. He violently and viciously beat the victim about the face and head. He verbally degraded her in the manner of his insistance [sic] that she serve him sexually. He created in the victim a terror that has in effect incarcerated her for the remainder of her life in a prison of fear. She is no longer able to work alone, and she has expressed a sense of uncontrollable fear when she is in the presence of men. The victim indicated that she was psychologically traumatized to the extent that she would have had a nervous breakdown were it not for the support of loving and caring family and friends. The Defendant's violent nature would make him a constant threat to the community wherein he may be at large. There is no evidence that the Defendant will ever be anything but violent.
*176 The appellant raises two issues on this appeal:
I. WHETHER THE TRIAL COURT ERRED IN DEPARTING FROM THE RECOMMENDED GUIDELINES SENTENCE; and
II. WHETHER THE TRIAL COURT ERRED IN IMPOSING TWO CONCURRENT LIFE SENTENCES WHERE IT HAD PREVIOUSLY IMPOSED TWO 65-YEAR SENTENCES.
We think that the above written reasons for departure given by the trial court can fairly be construed as articulating two reasons: (1) the violent nature of the defendant; and (2) the psychological trauma inflicted upon the victim by the defendant.
We find the first reason valid. There is no reason why a defendant's propensity for violence ought not be a legitimate reason for departure where such propensity has not already been factored into the guidelines scoresheet. This court has, at least tacitly, recognized that the violent character of the defendant may be a valid reason for departure unless the finding thereof is "based factually on past convictions alone, without further explanation." See Smith v. State, 479 So.2d 804, 808 (Fla. 1st DCA 1985); Simmons v. State, 490 So.2d 1285 (Fla. 1st DCA 1986). It is apparent from the trial court's above statement that the court's conclusion regarding the defendant's violent character was not based upon past convictions alone. Moreover, the record in this case supports the court's conclusion regarding the defendant's violent propensities.
The second reason, psychological trauma, cannot be sustained under the holdings of Lerma v. State, 497 So.2d 736 (Fla. 1986); Keys v. State, 500 So.2d 134, 136 (Fla. 1986); Casteel v. State, 498 So.2d 1249, 1253 (Fla. 1986); State v. Rousseau, 509 So.2d 281 (Fla. 1987); and Austin v. State, 507 So.2d 132 (Fla. 1st DCA 1987). Based upon the record in this case, we are unable to say that the trauma to this victim arose from extraordinary circumstances clearly not inherent in the subject crimes, was unusually greater than the trauma involved in most such crimes as this, or that the victim has a discernible physical manifestation resulting from the psychological trauma. See Rousseau v. State, supra; compare Harris v. State, 509 So.2d 1299 (Fla. 1st DCA 1987).
Because the state has not shown that the trial court would have departed from the guidelines sentence range in the absence of *177 the second reason, we must, under the holdings in Albritton v. State, 476 So.2d 158 (Fla. 1985), and Casteel v. State, 498 So.2d 1249 (Fla. 1986), reverse the departure sentences and remand for resentencing.
We now turn to the second issue which raises a North Carolina v. Pearce[2] question by reason of the imposition of the concurrent life sentences on resentencing, the defendant having originally been sentenced to concurrent 65-year terms. At first blush, it would appear that the appellant's point is well taken since it would seem that there was no conduct or event that occurred subsequent to the original sentencing proceeding which would justify a sentence greater than that which was originally imposed. See Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).
Pearce did not bar a greater sentence on retrial but held that due process prohibits the threat of an increased sentence to discourage appeals, and that valid reasons for an increased sentence based on facts occurring since the first sentence must affirmatively appear and be a part of the record. The typical Pearce problem arises when a person is being sentenced after a second trial brought about by the taking of a successful appeal. The Pearce "presumption"  a presumption that an increased sentence is the product of actual vindictiveness aroused by the defendant's appeal  means that the same sentence should ordinarily be imposed after the retrial. But that is, of course, not possible in the instant case because the trial court in the original sentencing had imposed a sentence of a term of years which exceeded by 25 years the 40-year statutory maximum.[3] On reversal and remand after the first appeal, obviously the trial judge could not, as he could in the typical Pearce situation, impose the same sentence as before.[4]
It is one thing to presume judicial vindictiveness in the typical case where the trial judge is able to impose the same sentence as before. It is quite another to allow the defendant that presumption in a case such as this. Under the applicable statutory provision, the trial judge had the option of sentencing the defendant on these life felonies to a term of years no greater than 40 or, alternatively, to life imprisonment. Upon sentencing the defendant the first time, the trial judge obviously determined that the defendant was deserving of a term of incarceration of 65 years. Upon resentencing, the trial judge assumed  understandably  that he had the option of sentencing the defendant to a term of years up to 40 or, in the alternative, to life imprisonment.[5] Why is it not logical and fair to assume based on the facts before us that the trial judge  being precluded from imposing a term of years sufficient to meet what he had earlier determined to be the ends of justice in this case  imposed the only other sentence available under the *178 statute, life imprisonment? This seems to us a perfectly logical, reasonable, and fair assumption.
In short, the face of this record does not entitle the defendant to a Pearce presumption of vindictiveness[6] so as to place the burden on the trial judge to explain his sentence.
We reverse the sentences only on the basis of the sentencing guidelines departure issue, and remand for resentencing.
WENTWORTH and WIGGINTON, JJ., concur.
NOTES
[1] Actually, a violation of Section 787.01(2) is not per se a "life felony." However, it was a life felony in this case by virtue of the operation of Section 775.087(1)(a) in "bumping up" this first degree felony to a life felony because the defendant was carrying a weapon.
[2] 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[3] Under Section 775.082(3)(a), Florida Statutes (1983), a life felony committed prior to October 1, 1983 is punishable by life imprisonment or for a term of years not less than 30, but a life felony committed on or after October 1, 1983 is punishable by life imprisonment or for a term of years not exceeding 40. The crimes in the instant case were committed in December, 1983. Prior to the adoption of Chapter 83-87, Laws of Florida, life felonies were punishable by life imprisonment or a term of years not less than 30. The sentencing judge apparently inadvertently relied upon the former version of the statute when he imposed the two 65-year sentences.
[4] In Beech v. State, 436 So.2d 82, 84 (Fla. 1983), the Supreme Court observed:

Under Pearce, when a person is being sentenced after a second trial brought about by the taking of a successful appeal, a sentence identical to the sentence originally imposed creates no due process problem. In the present cases, "resentencing" was necessary because the punishments originally imposed were illegal under Villery [v. The Florida Parole and Probation Comm., 396 So.2d 1107 (Fla. 1980)]. In other words, by declaring a category of split sentences illegal, we took away the alternative of imposing sentences identical to those originally imposed.
[5] In fact, it is apparent from the transcript of the resentencing hearing that the defense attorney also assumed that the trial court was free to impose a life term.
[6] For an enlightening discussion of this presumption of vindictiveness in a post Pearce case, see Wasman v. United States, 468 U.S. 559, 104 S.Ct. 3217, 82 L.Ed.2d 424 (1984).