PER CURIAM.
We review an order denying appellant’s motion to withdraw his previously entered plea of nolo contendere to second degree murder. One of the grounds of the motion to withdraw contends that appellant entered the plea by mistake and as a result of misunderstanding of the law applicable to his case and the consequences of his plea.
Although it appears that appellant was mentally competent at the time his plea was entered, the record contains medical information indicating that appellant was insane at the time the alleged offense was committed. Appellant contends he entered the nolo plea under the mistaken impression that he was automatically guilty of second degree murder, and that before his sentencing he asked his attorney if he could withdraw his plea and the attorney told him no, that he was locked in to that plea. Appellant further contends that his attorney had advised him he could preserve his right to appeal his innocence by entering the nolo contendere plea, and that this reservation of right to appeal was included in a written plea agreement he signed, but which has never been placed in the file and has mysteriously disappeared. Appellant’s testimony given in support of these contentions at the hearing below was not rebutted by the state. These facts, if unrebutted and true, would appear to be legally sufficient to meet the good cause requirement of rule 3.170, Florida Rules of Criminal Procedure, for withdrawing a plea because the plea was mistakenly entered as a result of misunderstanding of its consequences and the law. Since a trial court should be liberal in exercising its discretion to permit withdrawal, especially where it is shown that the plea was based on a failure of communication or misunderstanding by the defendant concerning the consequences of his plea, we reverse and remand for an evidentiary hearing to permit the court to receive further evidence, including testimony from appellant’s trial counsel at the time the plea was entered, and make a factual determination that appellant’s presently unrebutted contentions are either true or false. See, e.g., Tobey v. State, 458 So.2d 90 (Fla. 2d DCA 1984); Yesnespp v. State, 440 So.2d 628 (Fla. 1st DCA 1983); Baker v. State, 408 So.2d 686 (Fla. 1st DCA 1982); Banks v. State, 136 So.2d 25 (Fla. 1st DCA 1962).
REVERSED AND REMANDED.
SHIVERS, THOMPSON and ZEHMER, JJ., concur.