531 So.2d 956 (1988)
Randall Scott BLACKSHEAR, Petitioner,
v.
STATE of Florida, Respondent.
No. 71440.
Supreme Court of Florida.
September 29, 1988.
*957 Michael E. Allen, Public Defender and P. Douglas Brinkmeyer, Asst. Public Defender, Second Judicial Circuit, Tallahassee, for petitioner.
Robert A. Butterworth, Atty. Gen. and Edward C. Hill, Jr., Asst. Atty. Gen., Tallahassee, for respondent.
GRIMES, Justice.
We agreed to review Blackshear v. State, 513 So.2d 174 (Fla. 1st DCA 1987), because of apparent conflict with Herring v. State, 411 So.2d 966 (Fla. 3d DCA 1982). Our jurisdiction is predicated on article V, section 3(b)(3), Florida Constitution.
This case involves an application of the principle of North Carolina v. Pearce, 395 U.S. 711, 725-26, 89 S.Ct. 2072, 2080-81, 23 L.Ed.2d 656 (1969), in which the United States Supreme Court said:
Due process of law, then, requires that vindictiveness against a defendant for having successfully attacked his first conviction must play no part in the sentence he receives after a new trial. And since the fear of such vindictiveness may unconstitutionally deter a defendant's exercise of the right to appeal or collaterally attack his first conviction, due process also requires that a defendant be freed of apprehension of such a retaliatory motivation on the part of the sentencing judge.
In order to assure the absence of such a motivation, we have concluded that whenever a judge imposes a more severe sentence upon a defendant after a new trial, the reasons for his doing so must affirmatively appear. Those reasons must be based upon objective information concerning identifiable conduct on the part of the defendant occurring after the time of the original sentencing proceeding. And the factual data upon which the increased sentence is based must be made part of the record, so that the constitutional legitimacy of the increased sentence may be fully reviewed on appeal.
(Footnote omitted.)
With this rationale in mind, we now turn to the instant case. Randall Scott Blackshear pled guilty to charges of armed sexual battery and armed kidnapping and received *958 two concurrent sixty-five-year sentences. Both crimes were life felonies which were punishable by either life imprisonment or a term of years not exceeding forty years. § 775.082(3)(a), Fla. Stat. (1983). On appeal, Blackshear's sentences were reversed and his case remanded for resentencing because the sentencing judge had exceeded the forty-year maximum by twenty-five years. Blackshear v. State, 480 So.2d 207 (Fla. 1st DCA 1985). At Blackshear's resentencing, the recommended guidelines range was twelve to seventeen years. The trial judge instead departed from the guidelines and imposed two concurrent life sentences. In the case under review, the district court of appeal held that one of the two reasons for departure was invalid. Because the appellate court was unable to conclude that the same sentence would have been given in the absence of the invalid reason, the case was remanded once again for resentencing.
The district court of appeal also concluded that the principle of North Carolina v. Pearce would not preclude a resentencing to two concurrent life sentences. While recognizing that Blackshear was guilty of no new misconduct which would justify a greater sentence than was originally imposed, the court pointed out that because the original sentence was illegal, it could not be reimposed. Thus, the court concluded that when faced with the alternative of resentencing Blackshear to either a term of up to forty years or to life imprisonment, the judge could legally choose to impose the harsher penalty.
Even if we were to accept the contention that the judge would not be precluded from opting for the longer sentence when the only other legal sentence was shorter than the original sentence, it would not apply to the facts of this case because of the existence of the concurrent sentences. In Herring v. State, the defendant was convicted of fifteen counts of second-degree grand theft and received concurrent sentences of ten years on each conviction. The Third District Court of Appeal vacated the sentences because the maximum sentence for each crime was only five years. However, the court stated that the trial judge was at liberty to accomplish his sentencing goal that the defendant be sentenced to ten years by imposing consecutive sentences. The court cautioned that any sentence longer than ten years would have to meet the requirements of North Carolina v. Pearce.
It is evident that the trial judge's sentencing goal for Blackshear was a prison term of sixty-five years. Applying the rationale of Herring, this could be accomplished by imposing consecutive sentences in which the total number of years would not exceed sixty-five. The judicial vindictiveness of which North Carolina v. Pearce was concerned would never come into play.
Thus, we conclude that upon remand the trial judge cannot sentence Blackshear to more than sixty-five years in prison in the absence of an intervening event which would justify a greater sentence.[*] While we approve the remand of this case for resentencing, we quash that portion of the opinion below which states that Blackshear could be resentenced to life imprisonment.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT and KOGAN, JJ., concur.
NOTES
[*] We do not reach the remaining two points raised by Blackshear.