552 So.2d 338 (1989)
Alvin DAVIS, Appellant,
v.
STATE of Florida, Appellee.
No. 88-2202.
District Court of Appeal of Florida, Fourth District.
November 22, 1989.
Alvin Davis, Belle Glade, pro se appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
The defendant, by way of Florida Rules of Criminal Procedure 3.800 and 3.850, appeals the trial court's denial of his motion to correct an illegal sentence. We reverse.
In Smith v. State, 537 So.2d 982 (Fla. 1989), the supreme court held that the sentencing guidelines were constitutionally invalid until adopted by the legislature on July 1, 1984. Accordingly, the defendant is correct that his sentence was illegal: he committed the offense, was convicted and sentenced, all prior to that time.
In Smith, the court stated that if the sentencing guidelines were invalid when a defendant was sentenced, then the defendant should have been sentenced under the "old procedure" in which the trial court had *339 absolute discretion to impose a sentence within the statutory maximum; but that under those circumstances, "the defendant would clearly be entitled to seek parole because the elimination of parole was an integral part of the sentencing guidelines legislation." 537 So.2d at 987.
The state concedes that the 1983 guidelines under which the defendant was sentenced were illegal, but argues that since the defendant could have received more than his twenty-two year sentence in the absence of the guidelines (a maximum sentence of 40 years), he was not prejudiced by the error and therefore need not be resentenced. We agree with the state that since the trial court departed upward from the guidelines range, the court clearly would not have sentenced the defendant to a lesser sentence than twenty-two years, even had it not applied the guidelines. However, resentencing is required because the guidelines sentence imposed was clearly illegal under Smith, and because in the absence of resentencing, the defendant will not be permitted to seek parole. As the defendant contends, a defendant can not acquiesce in an illegal sentence. Williams v. State, 500 So.2d 501 (Fla. 1986).
On remand, the defendant should be resentenced "as if the guidelines had never been enacted." Smith, 537 So.2d at 987. However, unless the defendant has been "guilty of new misconduct which would justify a greater sentence than was originally imposed," he cannot be sentenced to a term greater than twenty-two years. See Blackshear v. State, 531 So.2d 956, 958 (Fla. 1988) (where original sentence held illegal, court could not, on resentencing, impose sentence longer than sentence originally imposed in absence of intervening event which would justify a greater sentence).
REVERSED AND REMANDED.
ANSTEAD and GUNTHER, JJ., concur.