COPE, Judge.
Bobby Bynum appeals the denial of his motion to correct illegal sentence under Rule 3.800, Florida Rules of Criminal Procedure. We reverse.
Defendant was given a downward departure sentence pursuant to a plea agreement on June 12, 1984.* In 1990, he filed a Rule *1193 3.800 motion, contending that his sentence was illegal given the Florida Supreme Court’s decision in Smith v. State, 537 So.2d 982 (Fla.1989). Smith held that the sentencing guidelines were constitutionally invalid prior to July 1, 1984. Id. at 987-88. Defendant contends that he is entitled to be resentenced. We agree.
The State concedes that the trial court erred by denying the motion as untimely. Under Rule 3.800, a challenge to an illegal sentence may be brought at any time. The State argues, however, that since defendant received a downward departure sentence, he was by definition not sentenced under the guidelines. That being so, the State argues that resentencing was not required.
Smith indicates that defendant should be resentenced “as if the guidelines had never been enacted.” Id. at 987. Under such a sentence, defendant would be entitled to seek parole. Id. As we interpret Smith, it is immaterial whether defendant received a sentence within the recommended range, or a departure sentence. Id.; see Davis v. State, 552 So.2d 338, 339 (Fla. 4th DCA 1989).
Defendant relies on Davis, and we agree with so much of Davis as remands for resentencing. We express no opinion, however, on that portion of Davis which holds that the new sentence cannot exceed the previously imposed guidelines sentence. 552 So.2d at 339. For that proposition Davis relies on Blackshear v. State, 531 So.2d 956 (Fla.1988). Blackshear, however, involved a resentencing where both the initial sentence and new sentence were imposed under the guidelines. Blackshear indicates that on resentencing, the trial court should attempt to accomplish the original sentencing goal, subject to intervening events which would justify a greater sentence. Id. at 958.
In the present case, the original sentence was under the guidelines without eligibility for parole, while the new sentence will be a nonguidelines sentence with eligibility for parole. The parties have not addressed, and the record sheds no light on, the question whether a nonguidelines resentencing would invariably result in a sentence equal to, or lower than, the original sentence. While we leave that question open, we invite the trial court’s attention to Blackshear and North Carolina v. Pearce, 395 U.S. 711, 725-26, 89 S.Ct. 2072, 2080-81, 23 L.Ed.2d 656, 669-70 (1969).
The order under review is reversed and the cause is remanded for resentencing.

 The crimes were committed during the months of January and February of 1984, after the origi *1193 nal effective date of the sentencing guidelines, October 1, 1983.