682 So.2d 667 (1996)
George L. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 95-3568.
District Court of Appeal of Florida, Fourth District.
November 6, 1996.
*668 Richard L. Jorandby, Public Defender, and David J. McPherrin, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Michelle A. Konig, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We reverse appellant's sentence as well as a portion of costs imposed and remand with direction. The imposition of $255 in court costs is affirmed.
Appellant entered pleas of no contest to robbery with a deadly weapon, kidnapping, and sexual battery with great force. The trial court sentenced him to concurrent terms of fifteen years in prison to be followed by thirty years of probation, and assessed the above $255 court costs, at which the assistant public defender informed the court there were other costs and a fee of $200. The court responded as follows: "Two hundred dollars and costs of five hundred and ninety-five dollars and twenty-four cents of costs incurred by the Public Defender's Officer."
First, the trial court erred by sentencing appellant to fifteen years in prison followed by thirty years probation on a life felony. Sexual battery with great force is a life felony. § 794.011(3), Fla. Stat. (1995). Life felonies are punishable by life imprisonment or a term not exceeding forty years. § 775.082(3)(a), Fla. Stat. (1995). Appellee concedes that appellant's sentence of fifteen years incarceration followed by thirty years of probation exceeds the statutory maximum, but asks that, on remand, the trial court impose life probation or consecutive sentences, neither of which would be appropriate in this case.
With a term of fifteen years imprisonment, the maximum probation that can follow is twenty-five years. Dyer v. State, 629 So.2d 285 (Fla. 5th DCA 1993). Upon remand, appellant may not receive a harsher sentence than originally imposed in the absence of an intervening event which would justify a greater sentence. Blackshear v. State, 531 So.2d 956 (Fla.1988); see also Davis v. State, 552 So.2d 338 (Fla. 4th DCA 1989).
The trial court has five basic sentencing alternatives:
(1) a period of confinement; (2) a "true split sentence" consisting of a total period of confinement with a portion of the confinement period suspended and the *669 defendant placed on probation for that suspended portion; (3) a "probationary split sentence" consisting of a period of confinement, none of which is suspended, followed by a period of probation; (4) a Villery sentence, consisting of period of probation preceded by a period of confinement imposed as a special condition; and (5) straight probation.
Poore v. State, 531 So.2d 161, 164 (Fla.1988). Whichever option the trial court chooses, under Blackshear, the sentence imposed on remand may not exceed fifteen years of incarceration followed by twenty-five years of probation.
Second, section 27.54, Florida Statutes, allows the trial court to assess attorney's fees and costs against a defendant who has been determined to be guilty. However, Florida Rule of Criminal Procedure 3.720(d)(1) states:
If the accused was represented by a public defender or special assistant public defender, the court shall notify the accused of the imposition of a lien pursuant to section 27.56, Florida Statutes. The amount of the lien shall be given and a judgment entered in that amount against the accused. Notice of the accused's right to a hearing to contest the amount of the lien shall be given at the time of sentence.
(Emphasis added). Appellant's petition to enter plea of guilty/no contest provides as follows:
20. I understand that at the time of sentencing certain mandatory, statutory costs will be imposed against me.
21. I understand that at the time of sentencing certain non-mandatory, statutory costs may be imposed against me including but not limited to payment for cost of prosecution pursuant to Section 939.01, Florida Statutes (1991). I understand that if there is not agreement about these nonmandatory costs that I have the right to a hearing on the amount of such costs and my ability to pay such costs and that this hearing will occur at the time of sentencing.
At his sentencing, there was nothing said by anyone which reflects compliance with the above rule.
This court has previously reversed the imposition of public defender fees when the defendant was not advised at the sentencing hearing of his right to contest the amount of the fee. Peterson v. State, 645 So.2d 1028 (Fla. 4th DCA 1994), quashed on other grounds, 667 So.2d 199 (Fla.1996), receded from on other grounds, Gibbs v. State, 676 So.2d 1001 (Fla. 4th DCA 1996). Appellee has provided no contrary authority; or, for that matter, any authority on the issue of costs and fees raised by appellant. Accordingly, upon remand the trial court is directed to apprise appellant of his right to contest the amount of the lien of $795.84 and to correct the probation order which reflects all of said amount as the public defender fee.
GLICKSTEIN and DELL, JJ., and OFTEDAL, RICHARD L., Associate Judge, concur.