ON MOTION FOR REHEARING
 

 PER CURIAM.
 

 Upon consideration of the appellant’s motion for rehearing, we withdraw the opinion issued February 18, 2009, and issue the following opinion in its place.
 

 In May 2005, the appellant entered a plea in three cases. In circuit court case number F02-24777, the agreed sentence was based on the assumption that a prior “robbery carjacking” conviction, case number F01-29279, was a sufficient predicate for qualification under the habitual violent felony offender (HVFO) statute, section 775.084(1)(b), Florida Statutes (2004). The appellant’s motion under Florida Rule of Criminal Procedure 3.800(a) alleged that the “robbery carjacking” conviction was not an enumerated offense under the HVFO statute and that his 2005 sentence was therefore illegal to that extent.
 

 The circuit court denied the motion, attaching a copy of the transcript of the plea colloquy and the stipulations regarding the appellant’s HVFO notice and qualification. The record indicates that the appellant’s conviction in case number F01-29279 was for the offense of “carjacking” under section 812.133, Florida Statutes (2001), and that he was not convicted of a separate offense of “robbery” under section 812.13.
 

 We conclude, as did the Fourth District, that “[cjarjacking and robbery are still classified as separate offenses,” and carjacking is not included “as a qualifying offense for HVFO status.”
 
 Brooks v. State,
 
 837 So.2d 1125, 1126 (Fla. 4th DCA 2003). We may wonder why the Legislature has not included carjacking in the offenses enumerated in section 775.084(1)(b) (though robbery is a lesser included offense of carjacking), but ours is not to reason why. On this record, we are obligated to reverse the denial of the appellant’s motion below.
 

 Accordingly, we reverse the order below and remand the case to the circuit court with instructions to vacate the HVFO adjudication, substituting in its place a habitual felony offender (HFO) adjudication. The trial court did not impose a mandatory minimum sentence based on the appellant’s HVFO status, with the result that the original sentencing intent can be given
 
 *399
 
 effect despite this change.
 
 See Blackshear v. State,
 
 531 So.2d 956 (Fla.1988). The appellant need not be present at the new sentencing hearing.