PER CURIAM.
For suspicious events occurring on October 19, 1994, a petition charged the juvenile appellant with loitering and prowling, in violation of section 856.021, Florida Statutes (1993), and obstructing or opposing an officer without violence, in violation of section 843.01, Florida Statutes (1993). After holding an adjudicatory hearing, the trial court dismissed the second charge but found the appellant guilty of the loitering and prowling charge. The appellant appeals his conviction on the grounds that the arresting officer failed to give him an opportunity to dispel the officer’s alarm before arresting him. We agree.
At the adjudicatory hearing only the arresting officer testified. He said that he was called to a residence in the early morning hours to investigate a prowling complaint. The residents told the officer that a young African-American male in a light-colored shirt was looking in their window with a little flashlight. The youth had run away eastbound from a location across from their house. While outside the house the officer saw an African-American male run in a southerly direction across a nearby street. He and other officers positioned themselves to intercept the runner, and a canine unit was also called to assist. The officer went to a nearby parking lot and saw a young African-American male running there whom he recognized as the appellant with whom he was acquainted. When the officer shined his flashlight on the appellant in the parking lot, the appellant turned and fled in the direction from which he had come. After the chase continued for a while longer the appellant was finally apprehended. The officer took the appellant to the complainants who identified him as the prowler. The officer conceded that when he arrested the appellant he did not ask him beforehand to explain what he was doing in the area.
These circumstances show that the police did not comply with subsection (2) of section 856.021 which provides in relevant part that:
Unless flight by the person or other circumstance makes it impracticable, a law enforcement officer shall, prior to any arrest for an offense under this section, afford the person an opportunity to dispel any alarm or immediate concern which would otherwise be warranted by requesting him to identify himself and explain his presence and conduct. No person shall be convicted of an offense under this section if the lavo enforcement officer did not comply with this procedure or if it appears at trial that the explanation given by the person is true and, if believed by the officer at the time, would have dispelled the alarm or immediate concern.
(Emphasis added.) The state counters by suggesting that the appellant’s flight from the officer in the parking lot made it impracticable to afford him the requisite opportunity to explain himself. We cannot accept this argument because the opportunity to explain himself arose when the appellant was finally apprehended. It was at this time that the statute should have been complied with. See Z.P. v. State, 440 So.2d 601 (Fla. 3d DCA *1342 1983) (adjudication of delinquency for loitering and prowling reversed where law enforcement failed to give defendant opportunity to explain his presence or conduct after flight); accord L.L.J. v. State, 334 So.2d 656 (Fla. 3d DCA), cert. denied, 342 So.2d 1104 (Fla.1976).
Additionally, since the crime of loitering and prowling is a misdemeanor, the questionable conduct supporting the charge must have occurred in the arresting officer’s presence. Such is not the case here. See Freeman v. State, 617 So.2d 432 (Fla. 4th DCA 1993) (only officer’s own observations may be considered in determining whether probable cause existed to make a warrantless arrest for loitering and prowling); D.A. v. State, 471 So.2d 147 (Fla. 3d DCA 1985) (defendant who was standing next to van later determined to be stolen ran at sight of officer; no probable cause to arrest for loitering and prowling).
Accordingly, we reverse the appellant’s conviction and remand for discharge.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.