919 So.2d 657 (2006)
Jack G. CLEMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3965.
District Court of Appeal of Florida, First District.
January 26, 2006.
Bernard F. Daley, Jr., Tallahassee, for Appellant.
Charlie Crist, Attorney General, and Thomas H. Duffy, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant challenges the trial court's order summarily denying his motion alleging ineffective assistance of counsel filed pursuant to Florida Rule of Criminal Procedure 3.850. Because the appellant has stated a facially sufficient claim that his counsel was ineffective in affirmatively misadvising him as to his ability to transfer his probation, we reverse.
The appellant alleges he reasonably relied on counsel's affirmative misadvice that the appellant could transfer his probation to North Carolina. The appellant's claim is facially sufficient because an offender who enters a plea in reasonable reliance on his attorney's misadvice as to a collateral consequence should be allowed to withdraw his plea. E.g., State v. Leroux, 689 So.2d 235, 238 (Fla.1996); State v. Sallato, 519 So.2d 605, 606 (Fla.1988); Dickey v. State, 30 Fla. L. Weekly D443, ___ So.2d *658 ___, 2005 WL 350313 (Fla. 1st DCA Feb.15, 2005), rev. pending, No. SC05-0516; Brazeail v. State, 821 So.2d 364, 366-68 (Fla. 1st DCA 2002); Eccleston v. State, 706 So.2d 368, 369 (Fla. 1st DCA 1998).
We, therefore, reverse the summary denial of the appellant's claim for ineffective assistance of counsel and remand to the trial court for an evidentiary hearing or to refute the appellant's claim with record attachments.
REVERSED AND REMANDED.
KAHN, C.J., LEWIS and POLSTON, JJ., Concur.