944 So.2d 1152 (2006)
Frank A. MOSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 1D06-4175.
District Court of Appeal of Florida, First District.
December 12, 2006.
Frank A. Mosley, pro se, Appellant.
Charlie Crist, Attorney General, and Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
We affirm the lower court's summary denial of Issues II through VI of appellant's motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, but we reverse the denial of Issue I.
Following appellant's violation of probation and receipt of five years in prison, he claimed in his 3.850 motion that trial counsel was deficient by incorrectly informing him the maximum penalty for the felony offense for which he was convicted was two years in prison. The trial court ruled that the written plea agreement refuted this claim. This was error.
The "Certificate of Defendant's Attorney" at the bottom of the plea agreement stated, in part, that counsel had discussed with the defendant "the maximum penalty for the charge(s)," but there is no mention of the actual maximum penalty in the written agreement, nor was it discussed during the plea hearing. A claim that a plea was involuntary based upon the defendant's reliance on trial counsel's misadvice regarding the length of time the defendant would serve requires an evidentiary hearing if not refuted by the transcript of the plea colloquy or some other part of the record. State v. Leroux, 689 So.2d 235 (Fla.1996); Clemmons v. State, 919 So.2d 657 (Fla. 1st DCA 2006); Cherry v. State, 837 So.2d 597 (Fla. 2d DCA 2003).
On remand, the trial court is directed to attach portions of the record refuting appellant's claim in Issue I, or to hold an evidentiary hearing.
AFFIRMED IN PART, REVERSED IN PART and REMANDED.
ERVIN, ALLEN, and WOLF, JJ., concur.