947 So.2d 1208 (2007)
Anthony JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D05-4195.
District Court of Appeal of Florida, Fifth District.
January 26, 2007.
James S. Purdy, Public Defender, and Rose M. Levering, Assistant Public Defender, Daytona Beach, for Appellant.
Bill McCollum, Attorney General, Tallahassee, and Wesley Heidt, Assistant Attorney General, Daytona Beach, for Appellee.
*1209 GRIFFIN, J.
Anthony Johnson ["Johnson"] appeals the order denying his pre-sentence motion to withdraw his no contest plea and the judgment and sentence that the trial court entered based on that plea. Because Johnson established good cause to withdraw the plea, we reverse.
On about April 19, 2003, Johnson allegedly entered the home of another, without the owner's permission. While inside, Johnson took a purse containing personal items and cash. As Johnson was leaving the home, he was confronted by an off-duty police officer. When this happened, Johnson dropped the purse and ran. Johnson was captured two days later. He subsequently confessed to the burglary and theft.
The State charged Johnson with burglary of a dwelling, a second-degree felony, and petit theft, a second-degree misdemeanor. He was initially represented by Attorney Michael Chauvin. A motion to suppress his confession in the burglary case was filed and was scheduled to be heard, but Johnson entered into a plea agreement with the State. At the time of the plea agreement, Johnson was also facing charges of capital murder and attempted robbery with a firearm in a separate case. Pursuant to the plea agreement, in exchange for Johnson's plea of no contest to the burglary charge, the State agreed to a sixteen-month prison sentence that would run concurrently with any active sentence. Further, the State agreed not to use this conviction as an aggravating factor in the capital murder case. The trial court accepted Johnson's plea of no contest and sentencing was scheduled for September 16, 2005.
Johnson subsequently retained private attorney, A. Michael Bross, to represent him in the capital murder case. That lawyer also filed a notice of appearance in this case.
At the commencement of the September 16, 2005 hearing, before the trial court pronounced sentence, Johnson notified the trial court that he wanted to withdraw his no contest plea. On November 22, 2005, the trial court heard arguments and testimony on Johnson's plea withdrawal motion. Johnson asserted that the plea was not entered voluntarily because Johnson was not advised by defense counsel of the direct consequences of this plea. Johnson further argued that Mr. Chauvin had not explained to him that a conviction in this case could be used to impeach him if he took the stand in the murder case. In response, the State argued that it would be speculation whether Johnson might wish to testify at some trial in the future.
The trial court heard testimony from both Johnson and Mr. Chauvin at the November 22, 2005, hearing. Johnson testified that his counsel had never explained to him that a conviction in this case could be used to impeach him if he were to testify in the pending murder case. Johnson also testified that he intended to take the stand in the murder case.[1]
*1210 The State presented testimony from Mr. Chauvin that he discussed "all aspects" of this plea with Johnson, including potential penalties, but he never said he explained to Johnson that the State could use the felony conviction from the burglary plea to impeach him at his murder trial.
When a defendant files a motion to withdraw his plea prior to sentencing, pursuant to Florida Rule of Criminal Procedure 3.170(f)[2], he is entitled to withdraw his plea as a matter of right when good cause is shown. Harrell v. State, 894 So.2d 935 (Fla.2005); Robinson v. State, 761 So.2d 269, 274 (Fla.1999). Further, under this rule, the trial court may, at its discretion, permit the defendant to withdraw a plea in the interest of justice upon a showing that falls below good cause. Id. The burden to establish good cause under the rule is on the defendant. Id. However, the rule should be liberally construed in favor of a defendant because the law inclines towards a trial on the merits and, where it appears the interests of justice would be served, a defendant should be permitted to withdraw the plea. Smith v. State, 840 So.2d 404, 406 (Fla. 4th DCA 2003); Robinson, 761 So.2d at 274. Good cause to withdraw a plea is said to be present when the plea is "infected by misapprehension, undue persuasion, ignorance, or was entered by one not competent to know its consequence or that it was otherwise involuntary, or that the ends of justice would be served by withdrawal of such plea." Onnestad v. State, 404 So.2d 403, 405 (Fla. 5th DCA 1981).
The trial court should have allowed Johnson to withdraw his plea before sentencing, under the circumstances. His testimony that he was not informed prior to entering the plea that the conviction could be used to impeach him should he choose to testify in the pending capital murder case was unrefuted. There is no doubt that Johnson was concerned about the effect of a plea in this case on the pending murder case as the "aggravator" issue was specifically dealt with. Johnson's subsequent discovery that his plea would significantly affect his ability to testify in his murder trial is enough to meet the test of Rule 3.170(f). Failure to inform him of this collateral consequence may not have rendered the plea involuntary, but his ignorance of it does meet the "good cause" test for a pre-sentence plea withdrawal.
REVERSED and REMANDED.
SAWAYA and TORPY, JJ., concur.
NOTES
[1] 

Q. What is it exactly about having pled to this case, which you feel is going to harm you when you take the witness stand?
A. Once again, like I said; my lawyer told me that a convicted felon has lower standards than a regular person who does not have any trouble in their past. That means, that if I get on this stand and they ask me if I am a convicted felon, I have to say, yes, I am. That is doubt in the jury mind off the top.
Now, if I don't say  if I say that I'm not a convicted felon, then they can say, maybe he is telling the truth, now, by his statements. That's why I do not want this plea.
Q. You say that Mr. Chauvin never discussed that with you prior to the plea?
A. No, he didn't.
Q. He never told you that that was a possibility?
A. No, he didn't.
[2] Rule 3.170(f) states that "the court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty to be withdrawn. . . ." Fla. R.Crim. P. 3.170(f) (2005).