LAWSON, J.
Eric Lee Garren appeals from the denial of his pre-sentence motion to withdraw his pleas. We conclude that Garren should have been allowed to withdraw his pleas, and reverse.
Garren was charged with aggravated battery with a deadly weapon and battery. He appeared at arraignment, unrepresented, and indicated a desire to plead guilty to the charges. Without conducting a Faretta inquiry,[1] the trial court accepted Garren’s guilty pleas and set a sentencing date approximately one month *1161 later. Garren asked the trial court to appoint counsel to represent him at sentencing, and the court appointed the public defender.
Prior to sentencing, counsel moved to withdraw Garren’s pleas pursuant to Florida Rule of Criminal Procedure 3.170(f), on grounds that Garren was not aware that he faced a minimum guideline sentence of thirty-eight months in prison at the time that he entered his uncounseled pleas. At the hearing on his motion, Garren and his lawyer explained to the judge that Garren was a high school drop-out who could neither read nor write; that jail inmates had assured him that he would only receive probation if he pled guilty at arraignment; and, most significantly, that he had no idea when he entered his pleas that he would score mandatory prison on his Criminal Punishment Code scoresheet.
Florida Rule of Criminal Procedure 3.170(f) provides that a trial court “may in its discretion, and shall on good cause,” permit a plea of guilty to be withdrawn at any time before a sentence is imposed. Thus, under this rule, a defendant “is entitled to withdraw his plea as a matter of right when good cause is shown.” Johnson v. State, 947 So.2d 1208, 1210 (Fla. 5th DCA 2007) (citations omitted). Although “[t]he burden to establish good cause under the rule is on the defendant ... the rule should be liberally construed in favor of a defendant because the law inclines towards a trial on the merits.” Id. “Good cause to withdraw a plea is said to be present when the plea is ‘infected by misapprehension, undue persuasion, ignorance, or was entered by one not competent to know its consequence or that it was otherwise involuntary, or that the ends of justice would be served by withdrawal of such plea.’ ” Id. (quoting Onnestad v. State, 404 So.2d 403, 405 (Fla. 5th DCA 1981)).
Here, Garren clearly met his burden of establishing good cause by showing that he entered his pleas without knowing that the guidelines proscribed a minimum sentence of more than three years in prison on the felony charge. As such, the motion to withdraw his pleas should have been granted. Id. Therefore, we reverse Garren’s convictions and sentences and remand with instructions that Garren be allowed to withdraw his pleas.
REVERSED AND REMANDED.
TORPY, J., concurs.
THOMPSON, Senior Judge, concurs specially, with opinion.

. See Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). As explained in Watkins v. State, 959 So.2d 386, 387 (Fla. 2d DCA 2007), before allowing a defendant to proceed at any critical stage of a criminal proceeding without representation, a trial court is required by Florida Rule of Criminal Procedure 3.111(d)(2) and Faretta "to inform the defendant of the disadvantages and dangers of self-representation and to warn him of the severity of the charge and the possible sentence.” Although Garren did not raise the trial judge's failure to follow these dictates as a separate issue on appeal, we note that "[t]he failure of a trial court to conduct an adequate Faretta hearing is per se reversible error.” Id. (citations omitted).