PER CURIAM.
We affirm appellant’s conviction and sentence to multiple charges entered after a plea of nolo contendere and an agreed sentence. On appeal, appellant claims that the court should have granted his oral pro se motion to withdraw his plea based upon his change of heart, the unwillingness of his attorney to go to trial, and his assertion of innocence. The court inquired and rejected his claim that his attorney was not representing him properly. The motion to withdraw for a change of heart and profession of innocence was legally insufficient to show good cause for withdrawal. See Robinson v. State, 761 So.2d 269, 274 (Fla.1999).
Appellant relies on Wright v. State, 961 So.2d 1036 (Fla. 4th DCA 2007), but we find that case distinguishable. Although the motion to withdraw in Wright was based upon a change of heart and a claim of innocence, the defense attorney proffered that the defendant, who qualified as a youthful offender, had an alibi defense, was confused, and lacked a full understanding at the plea hearing. Therefore, this court reversed the denial of the motion to withdraw the plea. Here, these same circumstances do not exist. While appellant stated at the plea colloquy that he was innocent of one of the charges, after further consultation with his attorney, he continued with the plea. He did not express the same kind of confusion that was present in Wright. Moreover, in Wright, the youthful offender pled out of significant fear of being “railroaded” and receiving a sentence of substantial length. Here, the appellant had entered into a plea with an agreed sentence which would be served concurrently with a sentence for a different crime which had already been imposed. Appellant’s agreement to enter the plea could not have been based on fear and confusion over the sentencing options, as it was in Wright.

Affirmed.

WARNER, GERBER and LEVINE, JJ., concurs.