IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

STANLEY PENG,

      Appellant,

v.                              Case No.  5D16-1480

STATE OF FLORIDA,

      Appellee.

_____/

Opinion filed October 28, 2016

3.850 Appeal from the Circuit Court
for Orange County,
Heather L. Higbee, Judge.

Thomas P. O'Connell, of Thomas P.
O'Connell, P.A., Fort Lauderdale, for
Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Lori N. Hagan, Assistant
Attorney General, Daytona Beach, for
Appellee.

EVANDER, J.

Stanley Peng appeals the summary denial of his Florida Rule of Criminal

Procedure 3.850 motion for postconviction relief.  We find merit to one of the two issues

raised on appeal.

After the entry of a no contest plea, Peng was convicted of traveling to meet a minor for unlawful sexual activity in violation of section 847.0135(4), Florida Statutes (2010). As a consequence of his conviction, he was designated a sexual offender. In his postconviction motion, Peng claimed that his trial counsel affirmatively misadvised him that designation as a sexual offender, rather than as a sexual predator, would preclude his photograph from being posted on the Florida Department of Law Enforcement's website. He further averred that but for this misadvice, he would have proceeded to trial.

Although counsel is generally not required to advise a defendant of the collateral consequences of a plea, affirmative misadvice regarding collateral consequences may provide a basis for postconviction relief. *See, e.g.*, *Deck v. State*, 985 So. 2d 1234, 1236 (Fla. 2d DCA 2008) (holding that defendant's allegation in postconviction relief motion that trial counsel affirmatively misadvised him of collateral consequences of his plea presented facially sufficient claim for postconviction relief; defendant's motion alleged that, but for the misadvice, defendant would not have entered plea). Furthermore, a defendant's reliance on trial counsel's mistaken assurances that a conviction would not cause the defendant's photograph to be placed on the Internet has been found to establish good cause for the withdrawal of a plea. *See Graham v. State*, 779 So. 2d 604, 605 (Fla. 2d DCA 2001). On remand, the trial court must either attach records conclusively refuting this claim or hold an evidentiary hearing.

We find the other issue raised by Peng to be without merit.

AFFIRMED, in part; REVERSED, in part; REMANDED.

BERGER and LAMBERT, JJ., concur.