DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**CHANNING ALBERTO STEWART,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-3526

[April 28, 2021]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan, Jr., Judge; L.T. Case No. 14-14270CF10A.

Carey Haughwout, Public Defender, and Ikram Ally, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and MaryEllen M. Farrell, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges his conviction and sentence entered after a plea, contending that the court abused its discretion in denying his pre-sentence motion to withdraw his plea. Because such motions should be liberally construed in favor of a defendant, and it is apparent that appellant's attorney failed to advise him regarding the collateral consequences of his plea, we reverse.

Appellant was charged with a sexual battery by a person under eighteen upon a person less than twelve years of age, in violation of section 794.011(2)(b), Florida Statutes (2014). He accepted a plea offer to plead no contest in exchange for a sentence of four years in prison followed by fifteen years of sex offender probation. The plea agreement also included an inserted term, "registration." At the change of plea hearing, appellant's counsel handed the executed plea agreement to the Judge but then expressed that he had "one caveat," noting that he did not know the level of registration and whether there was any discretion that the court may have in the level. He requested additional time to determine this, and the

court postponed sentencing. Appellant was not asked about this "caveat," nor did the court inform him of the possibility of this collateral consequence in the plea colloquy.

A month later, the State moved to declare appellant a sexual predator. Appellant's attorney stated that his research had not revealed anything for appellant to contest as to the designation. The court then found appellant to be a sexual predator and ordered him to surrender in January. It did not impose the sentence at that time to avoid issues if he should fail to return.

When appellant appeared to surrender for final sentencing and incarceration, he expressed unhappiness with the plea agreement. He told the court that he had asked his lawyer to explain sexual offender probation and its terms, but his lawyer never advised him on it. Appellant further contended that he was caught off guard to find out that he would be designated a sexual predator. The court asked if he still would like to accept the plea agreement, and appellant responded that he did not know and was scared. The court allowed him additional time to discuss this with his attorney and reset his surrender date.

Appellant, through counsel, moved to withdraw the plea but then counsel moved to withdraw from representation of appellant, which the court granted. A public defender was appointed who eventually filed a renewed motion to withdraw the plea because of the prior counsel's failure to fully advise appellant of the consequences of the plea. Appellant argued that he lacked knowledge about the plea details and consequences, noting that he was confused about his designation status. After many continuances of the hearing, the court denied the motion to withdraw and then proceeded to sentence him to four years in prison, followed by fifteen years of sexual offender probation. The court had previously determined that he should be designated a sexual predator. It also imposed costs.

This appeal follows. Pending appeal, appellant moved to correct sentencing errors under Florida Rule of Criminal Procedure 3.800(b)(2), arguing certain costs and the sexual predator designation were erroneously imposed. The trial court did not rule on the motion within sixty days. Therefore it was deemed denied. *See* Fla. R. Crim. P. 3.800(b)(2)(B).

"The standard of review of a trial court's denial of a motion to withdraw plea is abuse of discretion." *Woodly v. State*, 937 So. 2d 193, 196 (Fla. 4th DCA 2006).

2

Because appellant filed his motion to withdraw plea prior to sentencing, Florida Rule of Criminal Procedure 3.170(f) governs and provides that, "[t]he court may in its discretion, and *shall on good cause,* at any time before a sentence, permit a plea of guilty or no contest to be withdrawn[.]" (emphasis added). "Thus, the trial court is obligated to allow the defendant as a matter of right to withdraw a plea if good cause is shown, while in situations where less than good cause is shown, a trial court's decision will not be reversed absent an abuse of discretion." *Smith v. State*, 840 So. 2d 404, 406 (Fla. 4th DCA 2003). "In either situation, this rule should be liberally construed in favor of a defendant; this is because the law inclines towards a trial on the merits, and where it appears the interests of justice would be served, a defendant should be permitted to withdraw the plea." *Id.*

Good cause is shown if the plea was entered under mental weakness, misapprehension, mistake, surprise, fear, promise, ignorance of a consequence, or other circumstances affecting a defendant's rights. *State v. Partlow*, 840 So. 2d 1040, 1044 (Fla. 2003) (Cantero, J., concurring); *see also Johnson v. State*, 971 So. 2d 212, 214 (Fla. 4th DCA 2008). The burden to establish good cause rests on the party seeking to withdraw the plea. *Wagner v. State*, 895 So. 2d 453, 455–56 (Fla. 5th DCA 2005).

In *Johnson*, we held that failure to inform a defendant of collateral consequences meets the "good cause" test for pre-sentence withdrawal. 971 So. 2d at 216. There, trial counsel had failed to provide proper advice on the Jimmy Ryce Act consequences of the plea. Although this was a collateral consequence, it still constituted good cause to withdraw the plea. *Id.* at 213. In so holding, we relied on *Johnson v. State*, 947 So. 2d 1208 (Fla. 5th DCA 2007), in which the court held that "[f]ailure to inform [the defendant] of th[e] collateral consequence[s] may not have rendered the plea involuntary, but that his ignorance of it does meet the 'good cause' test for a pre-sentence plea withdrawal." *Id.* at 1210; *see also Luedtke v. State*, 6 So. 3d 653, 656 (Fla. 2d DCA 2009) (stating that misadvice regarding the applicability of the Jimmy Ryce Act constituted good cause for a pre-sentence plea withdrawal); *Clemmons v. State*, 919 So. 2d 657, 657 (Fla. 1st DCA 2006) ("[A]n offender who enters a plea in reasonable reliance on his attorney's misadvice as to a collateral consequence should be allowed to withdraw his plea.").

Here, appellant was not advised by his counsel of the collateral consequences of his plea and what sexual offender probation entailed. He was specifically not advised that he would be designated a sexual predator, which was never mentioned until after he agreed to the plea. His attorney did not know the levels of registration, as is reflected by his various

statements to the trial court. The plea agreement did not elucidate the sexual offender probation or even mention registration as a sexual predator. Therefore, there is nothing in the record to contradict appellant's claim of lack of knowledge of the collateral consequences.

As the failure to inform of a collateral consequence meets the requirement of good cause for a withdrawal of a pre-sentence plea, the trial court abused its discretion in denying the motion. We thus reverse and remand for vacation of the conviction and sentence and for further proceedings.

*Reversed and remanded with directions.*

DAMOORGIAN and FORST, JJ., concur.

*       *       *

**Not final until disposition of timely filed motion for rehearing.**